**HEYN v KAHN, Exr.**

Ohio Appeals, 1st Dist, Hamilton Co

No 6023. Decided Nov 17, 1941

**218**

Morris & Barbour, Cincinnati, for appellant.

Walter K. Sibbald, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

The plaintiff sued the defendant as executor of the estate of Alex Meis, deceased, for $5000.00, as damages for breach of contract to bequeath that amount to him in his last will and testament. The terms of the contract as alleged in the petition were:

"plaintiff states that in 1930, at the request of Alex Meis, he entered into a verbal agreement with Alex Meis, whereby the plaintiff was to render medical services to the said Alex Meis free of charge and whenever desired from that date until the decease of the said Alex Meis. Plaintiff further says that he agreed to render medical services to other members of Alex Meis' family free of charge whenever so requested by Alex Meis and to give medical attention to anyone else sent to the plaintiff by the said Alex Meis. In return therefor, Alex Meis agreed to leave at his death by his last will a bequest of Five Thousand ($5,000.00) Dollars to the said plaintiff.

The only allegations as to performance were:

"Plaintiff further says that he performed and carried out the terms and conditions of said contract by him to be performed, and under its terms rendered necessary medical services free of charge to the said Alex Meis from 1930 to 1937; that he rendered medical services to Jesse Meis, brother of Alex Meis, free of charge at the request of Alex Meis from 1930 until Jesse Meis' death in 1932; and to the mother of Alex Meis during 1933 previous to her decease in 1934; all free of charge."

The defendant demurred to the petition on the ground that a contract to make a will was unenforceable by reason of the requirement of §10504-30 GC, which became effective as a law on September 2nd, 1935. This demurrer was overruled. The defendant then filed an answer in which he denied generally the allegations of the petition relating to the making of the contract and the performance by the plaintiff. Upon the issues thus made the case was tried to a jury, which returned a verdict in favor of the plaintiff.

Thereafter, within three days, the defendant moved for a new trial and for judgment notwithstanding the verdict. The court overruled the motion for a new trial and granted the motion for judgment.

From the judgment for the defendant the plaintiff appealed.

The motion for judgment notwithstanding the verdict was sustained on the ground that §10504-30 GC, rendered unenforceable an oral contract to make a will notwithstanding the fact that the contract was made prior to the enactment of the statute. The judge who overruled the demurrer to the petition was of a contrary opinion. The common pleas judges differed as to the effect of the application of §28 of Art. VI of the Ohio Constitution, prohibiting retroactive laws and laws impairing the obligation of contracts, and of §10 of Art. I of the Constitution of the United States that no state shall pass

any law impairing the obligation of contracts.

We find it unnecessary to pass upon this constitutional question in this case.

To recover in any event it was necessary for the plaintiff to allege and prove the terms of the contract, and also to allege and prove performance on his part or a readiness and willingness to perform.

It is true that under §11339 GC, it is sufficient for a plaintiff to allege in general terms that he performed all conditions to be performed by him, but this does not dispense with the necessity of proof of each and every condition.

It will be observed that it is alleged that this contract was made in 1930, and that the testator died in 1940. Therefore, the contract required the plaintiff to render services as a physician, during that period, to the testator, to members of his family, and to anyone else sent by him to the plaintiff for treatment.

It is doubtful whether the pleader meant to allege complete performance on his part. It requires a very liberal construction of the language of the petition to give it that meaning. But mere assertion would not be sufficient. Proof must follow the pleading.

Now a reading of this record discloses that many physicians, other than the plaintiff, rendered services for the testator during that period, and were paid by him therefor. There is some evidence that the plaintiff performed some service for the testator during a part of this time, but during the greater portion of the time the testator was under the care of other physicians for various ailments. The record discloses no explanation of this.

There is a complete absence of allegation or evidence that the plaintiff was ready, willing, and able to perform during this time. 9 O. Jur. 625.

There is also no allegation of a waiver or of a prevention of performance by the testator. If either was to be relied upon, it was necessary to plead it. 9 O. Jur., 624 et seq.

No matter how the allegations of the contract are construed—whether they be construed as imposing conditions precedent or conditions concurrent—the evidence is insufficient to carry the case to the jury on the issue of whether the plaintiff had performed his obligation.

The plaintiff failed to prove an essential issue upon which he had the burden of proof. Under such circumstances the defendant was entitled to judgment.

The court did not err in sustaining the defendant's motion for judgment notwithstanding the verdict.

The judgment is affirmed.

HAMILTON and ROSS, JJ., concur.